Argued September 12, affirmed October 4, 1967

COBURN, *Appellant, v.* MILLER, *Respondent.*

432 P. 2d 314

*Frank B. Reid,* Eugene, argued the cause and filed a brief for appellant.

*John L. Luvaas,* Eugene, argued the cause for respondent. On the brief were Luvaas, Cobb, Richards & Fraser, Eugene.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

PER CURIAM.

Defendant drove his truck into the rear end of plaintiff's car when she had stopped in response to a warning light on a stopped school bus. In this action for her injuries the trial court withdrew from jury consideration a specification in the complaint that charged defendant was negligent because he failed to stop as required by ORS 485.020(1).[①] Defendant was awarded a jury verdict and judgment. Plaintiff appeals claiming that the court erred in withdrawing the specification of negligence.

*Johnson v. Hansen,* 1964, 237 Or 1, 389 P2d 330, 390 P2d 611, was a similar case in which defendant attempted to charge plaintiff with contributory negligence because she failed to stop for a school bus. We held:

"* * * Her fault, if any, in failing to stop for the bus was no violation of any duty owed the de-

---

[①] ORS 485.020(1)(a).

"Except as provided in subsection (2) of this section, when a driver of a motor vehicle meets or overtakes a school bus which is stopped on a public highway or a shoulder thereof and on which is operating a flashing red warning light that is visible to the driver, the driver shall stop the vehicle before reaching the point described in paragraph (b) of this subsection and shall remain stopped so long as the flashing red warning light is operating."

Neither the exception provided in subsection (2) nor the reference to paragraph (b) are relevant to the facts of this case.

fendants, or to any one in their position. It does no good to say that the statute prescribes a 'standard of care' without giving attention to the kinds of harms to be guarded against. A failure to act in a particular manner, whether characterized as negligence as a matter of law or as common-law negligence, gives rise to no legal liability unless the party claiming a breach of duty can show that his claim is within the scope of such duty.  *  *  *." 237 Or at 22.

The rule applies to the instant case. It was not error to withdraw the specification of negligence.

■ Plaintiff also assigns error because the court gave an instruction on emergency. The instruction was appropriate to the evidence presented. It could not have been prejudicial in any event for it is impossible to tell from reading all of the instructions whether or not the instruction applied to plaintiff's or defendant's conduct.

Affirmed.